IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02543-BNB

JEANETTE McDOWELL,

Plaintiff,

v.

ARAPAHOE CTY D.H.S.,
DAVE GIANT, Caseworker,
LISA OLSEN, LCSW, and
DEPT. CHILD PROTECTION SERVICES,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 13 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER OF DISMISSAL

_____

Plaintiff Jeanette McDowell initiated this action by submitting to the Court a *pro se* Complaint, on November 13, 2008. Magistrate Judge Boyd N. Boland reviewed the Complaint and, on January 6, 2009, entered an order instructing Plaintiff to amend the Complaint in keeping with Fed. R. Civ. P. 8 and *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). On January 30, 2009, Plaintiff filed an Amended Complaint. The Court has reviewed the Amended Complaint and has determined that the Complaint and action should be dismissed.

The Court must construe the Amended Complaint liberally because Ms. McDowell is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading

drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Magistrate Judge Boland, in the January 6, 2009, Order, explained to Plaintiff that the twin purposes of a complaint are (1) to give the opposing parties fair notice of the basis for the claims against them so that they may respond and (2) to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Magistrate Judge Boland also informed Plaintiff that Rule 8(a) requires that a complaint "contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought, . . . ."

Ms. McDowell, in the Amended Complaint, still has not set forth either a short and plain statement of the grounds on which the Court's jurisdiction depends or a short and plain statement of her claims showing the type of relief she seeks. On Page Two of the Complaint form under the section titled, "Jurisdiction," Ms. McDowell simply states, "being a state independent contractor thru CDHS, who also subsidize my housing for past 5 years." Plaintiff fails to assert proper jurisdiction for this Court to consider the claims that she asserts.

Even if the Court were to construe the Complaint and action as a civil rights action, or as filed pursuant to the American with Disabilities Act, as Ms. McDowell

2

suggests on Page Three of the complaint form, pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the Complaint filed in this action and finds that the Court lacks subject matter jurisdiction because Ms. McDowell appears to be asking the Court to review and reverse orders entered by the State of Colorado in a child custody proceeding. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest

3

court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. **See Facio v. Jones**, 929 F.2d 541, 543 (10th Cir. 1991).

The **Rooker-Feldman** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. **See Feldman**, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." **Crutchfield v. Countrywide Home Loans**, 389 F.3d 1144, 1147-48 (10th Cir. 2004), **overruled in part on other grounds by Exxon Mobil Corp.**, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." **Crutchfield**, 389 F.3d at 1148. Furthermore, the **Rooker-Feldman** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." **See Jordahl v. Democratic Party of Virginia**, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Ms. McDowell is asking this Court to enjoin state court action in a child custody case, which would require the Court to review and reverse various state court orders. The Court, therefore, finds that the complaint must be dismissed for lack of subject matter jurisdiction pursuant to the **Rooker-Feldman** doctrine. **See Van Sickle v. Holloway**, 791 F.2d 1431, 1436 (10th Cir. 1986). However, if the state court child custody proceedings are not final, the **Rooker-Feldman** doctrine would not bar the instant action. **See Exxon Mobil Corp.**, 544 U.S. 280. In that event, the Court will abstain from exercising jurisdiction pursuant to **Younger v. Harris**, 401 U.S. 37, 44 (1971).

4

There are three conditions that must be met under *Younger*.

First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). In the instant action, all three of these conditions are met. First, the state court proceedings are ongoing if they are not final. Second, Ms. McDowell may raise her constitutional due process claim in the course of the state court proceedings. Finally, the state court child custody action involves important state interests. The Supreme Court has stated that " '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' " *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)). Accordingly, it is

ORDERED that the Complaint, the Amended Complaint, and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 12 day of _____Feb._____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-02543-BNB

Jeanette McDowell
1468 South Dayton Circle
Denver, CO 80247


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/3/09

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk